

FILED BY ⓦⓤ D.C.

DEC 13 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY

CASE NO.

**DAPHNE EDWARDS,**
       **Plaintiff,**

vs.

**FISERV, INC., a foreign corporation,**
       **Defendant.**
_____/

## COMPLAINT

Plaintiff, Daphne Edwards, hereby files this Complaint against the Defendant, Fiserv, Inc., and as grounds, in support of her claims, the Plaintiff states, as follows:

### I.
### NATURE OF THE CLAIMS

1. This is an action against the Defendant employer, Fiserv, Inc., to redress the deprivation of rights secured to Plaintiff, by the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. Section 760.01, *et seq.*

### II.
### STATUTORY PREREQUISITES TO SUIT

2. The Plaintiff has exhausted her administrative remedies and she has complied with all statutory prerequisites, to maintain the claims asserted herein, as required by the FCRA.

1

Furthermore, the Plaintiff has performed all conditions precedent to maintaining the claims asserted herein, as mandated by the FCRA.

### III.
### JURISDICTION, VENUE AND THE PARTIES

3. This is an action for damages, in excess of thirty thousand dollars ($30,000.00), exclusive of interest and costs.

4. The alleged unlawful acts of the Defendant, underlying the Plaintiff's discrimination claims, arose within the jurisdiction of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

5. Plaintiff, Daphne Edwards, ("EDWARDS") was formerly employed by the Defendant, Fiserv, Inc, in Coral Springs, Broward County, Florida, as a Business Consultant.

6. Defendant, Fiserv, Inc. ("FISERV") is a foreign corporation, authorized to do business in the State of Florida, where it is engaged in the financial services industry, principally engaged in the processing of credit card transactions.

### IV.
### GENERAL ALLEGATIONS

7. Plaintiff, EDWARDS, is a black female of Jamaican origin, she is a member of a protected class, based upon her race and national origin, and hence, she is subject to the statutory protections of the FCRA.[1]

---

[1] This Complaint was prepared with the assistance of counsel. However, Plaintiff is proceeding *pro se*.

8. At all material times here, the Plaintiff was an employee of the Defendant, within the meaning of the FCRA, and as an employee of the Defendant, for the purposes of the FCRA, and hence, the Plaintiff was protected against workplace discrimination, on the basis of race and national origin, with respect to the terms, conditions, and privileges of her employment.

9. At all material times hereto, the Defendant was an employer, within the meaning of he FCRA, Defendant, and as such, the Defendant was prohibited from discriminating against the Plaintiff, on the basis of race, and national origin, with respect terms, conditions, and privileges of her employment.

10. Plaintiff's employment of approximately seven (7) years, was continued with the Defendant for approximately ten (10) months, from July 1, 2020, to April 26, 2021, and during the term of her employment with the Defendant, Plaintiff successfully performed the duties of a Business Consultant, on behalf of the Defendant, in Coral Springs, Broward County, Florida.

11. At all material times hereto, the Defendant was a person, within the meaning of the FCRA, Fla. Stat. 760.02(6), employing fifteen or more employees, for each working day, in each of twenty or more calendar weeks, in the current preceding calendar year.

12. The Defendant was an employer, within the meaning of the FCRA, *Fla. Stat.* Section 760.02(7).

## IV.
## SPECIFIC ALLEGATIONS

13. Plaintiff successfully performed the duties of a Business Consultant for the Defendant, for a period of approximately ten (10) months.

14. The Defendant, by the actions of their employee and representative, Allison Mellon ("MELLON"), Plaintiff was unfortunately subjected to repeated acts of workplace discrimination, based on her race and national origin, namely,

   (a) Plaintiff was dismissively denied time off from work, whereas, in contrast, other members of the Business Consultant Team, were readily granted time off from work;

   (b) Plaintiff was not allowed to select a work shift, whereas, in contrast, other members of the Business Consultant Team, could choose their start time and end time, based on a number of options;

   (c) Plaintiff was at times highlighted as "code-red" on reports, allegedly for deficient sales numbers, however, the allegations were false, whereas, in contrast, other members of the Business Consultant Team, were not accused of performance deficiencies, when the employee in fact was performing according to management's expectations;

   (d) Plaintiff suffered ongoing financial loss due to routine discriminatory actions of Defendant in re-directing revenue away from Plaintiff. On March 8th, 2021, in just one day, Defendant re-directed Eighty-Seven (87) current sales opportunities being worked by the Plaintiff in adherence to established SLA guidelines, and distributed these to

others. Defendant refused to correct her action(s), even when requested in writing by one of the recipients to return sale revenue to Plaintiff.

(e) Between February 2021 to April of 2021, substantial revenue opportunities were reassigned and taken away from the Plaintiff, whereas, in contrast, other members of the Business Consultant Team, were not subjected to such a practice; and

(f) Defendant routinely and intentionally placed Plaintiff's name at the bottom of various sales reports to give the false impression that she was deficient in making sales; whereas, in contrast, other members of the Business Consultant Team, were not subjected to this personnel action;

(g) Plaintiff was made to feel uncomfortable, "less than" and "less-valued" on numerous occasions, due to language used by Defendant in 1:1 meeting and connects during Plaintiff's employment on the Defendant's team. Plaintiff remained professional, courteous, and polite during all interactions with Defendant.

15. Prior to Monday, April 26, 2021, the Plaintiff made request(s) via telephone messages sent to senior leadership's assistant, and to Leslie Pearce, Senior Vice President of Inside Sales, and MELLON became aware of Plaintiff's internal request to have meeting with upper management.

16. On Monday, April 26, 2021, the Plaintiff was summarily terminated from her employment, without any business justification and or reason, and moreover, there is a causal connection between the request for meeting to voice the complaint, stating disparate treatment discrimination and the termination of the Plaintiff from her employment on April 26, 2021.

17. Plaintiff was never subjected to any performance management activity at any time during her employment with Defendant. Plaintiff went from a one hundred per cent (100%) clean record, to immediate dismissal and termination from her job on April 26, 2021.

18. A meeting had been requested by the Plaintiff to speak with senior leadership, namely, Leslie Pearce, Senior Vice President of Inside Sales, however before the meeting convened, and prior to the scheduled meeting, the Plaintiff was unlawfully and summarily terminated from her employment.

## COUNT I
## (DISPARATE TREATMENT, BASED ON RACE DISCRIMINATION, IN VIOLATION OF THE FCRA)

19. The Plaintiff restates and reavers to allegations as set forth in Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. During her employment with the Defendant, Plaintiff possessed the skills and professional background, necessary to perform her job duties as a Business Consultant; and as such, Plaintiff was qualified for the position of Business Consultant.

21. During her employment with the Defendant, Plaintiff was a high achiever, Plaintiff carried out her duties and functions as instructed to do, and as per guidance received, Plaintiff was never placed on any performance management activity, Plaintiff maintained a clean record throughout her employment with the Defendant.

22. During her employment, the Defendant, through its agent, MELLON, treated the Plaintiff differently and less favorably from similarly situated employees outside of her protected

class, the disparate treatment of the Plaintiff included, but was not limited to, the personnel actions taken by the Defendant, in Paragraphs 14 (a) - (g), above.

23. These discriminatory actions of the Defendant, against the Plaintiff, when considered collectively, constitute an adverse employment action, for purposes of the FCRA

24. In subjecting the Plaintiff to this adverse employment actions, these personal actions, taken together, were undertaken, on the basis of the Plaintiff's race, and the Defendant intentionally discriminated against the Plaintiff, on the basis of her race, more specifically, the Plaintiff's race constituted a motivating factor in the implementation of the adverse employment actions.

25. In subjecting the Plaintiff to adverse employment action, the Plaintiff status as an employee was altered, and the terms conditions, compensation and or privileges of employment, were unlawfully changed in violation of the FCRA.

26. As a proximate result of the aforementioned, intentional discriminatory acts of the Defendant, the Plaintiff has suffered damages, including, but not limited to economic losses, employment benefits, emotional pain, suffering mental anguish, the loss of enjoyment of life and dignity injury; and reasonable costs, including attorney's fees, in pursuing this redress for the deprivation of Plaintiff's civil rights.

27. The claim for disparate treatment, on the basis of race, is asserted against the Defendant, pursuant to the FCRA, Fla. Stat. 760.01, *et seq.*

28. By and through the acts alleged, Defendant intentionally discriminated against the Plaintiff, through the Defendant's employees and or agents, establishes a claim or cause of

action for race discrimination, under the FCRA, more specifically, the FCRA forbids discrimination against any employee, on the basis of race and or color, with respect to the terms, conditions and or privileges of employment

29. If the Plaintiff prevails on her FCRA claims, resulting in the vindication of her civil rights, then the Plaintiff is entitled to reasonable attorney's fees under the FCRA

**WHEREFORE,** Plaintiff prays this Court to grant the following relief: an order declaring that the Defendant violated the Plaintiff's rights under the FCRA; an order granting compensatory damages, for emotional pain and suffering, mental anguish, loss of enjoyment of life, dignity injury and other non-pecuniary losses, an order granting back pay, including the economic value of lost employment benefits and interest on the back pay, an order for front pay and interest on front pay, or for reinstatement in lieu of front pay, an order for reasonable attorney's fees and costs, punitive damages, an order enjoining the Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other further affirmative relief, or equitable relief as the Court deems appropriate, and for other further relief as the Court deems to be just and proper.

**COUNT II**
**((DISPARATE TREATMENT, BASED ON NATIONAL ORIGIN DISCRIMINATION, IN VIOLATION OF THE FCRA)**

30. Plaintiff restates and reavers the allegation contained in Paragraphs 1-18 of the Complaint, as if fully set forth herein.

31. During her employment with the Defendant, Plaintiff possessed the skills and professional background, necessary to perform her job duties as a Business Consultant; and as such, Plaintiff was qualified for the position of Business Consultant.

32. During her employment, the Defendant, through its agent, MELLON, treated the Plaintiff differently and less favorably from similarly situated employees outside of her protected class, the disparate treatment of the Plaintiff included, but was not limited to, the personnel actions taken by the Defendant, in Paragraphs 14 (a) – (g), above.

33. These discriminatory actions of the Defendant, against the Plaintiff, when considered collectively, constitute an adverse employment action, for purposes of the FCRA

34. In subjecting the Plaintiff to this adverse employment actions, these actions taken together, were undertaken, on the basis of the Plaintiff's national origin, and the Defendant intentionally discriminated against the Plaintiff on the basis of her national origin, more specifically, the Plaintiff's national origin, constituted a motivating factor in the implementation of the adverse employment actions.

35. In subjecting the Plaintiff to adverse employment action, the Plaintiff status as an employee was altered, and the terms conditions, compensation and or privileges of employment, were unlawfully changed in violation of the FCRA.

36. As a proximate result of the aforementioned, intentional discriminatory acts of the Defendant, the Plaintiff has suffered damages, including, but not limited to economic losses, employment benefits, emotional pain, suffering mental anguish, the loss of

enjoyment of life and dignity injury; and reasonable costs, including attorney's fees, in pursuing this redress for the deprivation of Plaintiff's civil rights.

37. The claim for disparate treatment, on the basis of national origin, is asserted against the Defendant, pursuant to the FCRA, Fla. Stat. 760.01, *et seq*.

38. By and through the acts alleged, Defendant intentionally discriminated against the Plaintiff, through the Defendant's employees and or agents, establishes a claim or cause of action for race discrimination, under the FCRA, more specifically, the FCRA forbids discrimination against any employee on the basis of race and or color with respect to the terms, conditions and or privileges of employment

39. If the Plaintiff prevails on her FCRA claims, resulting in the vindication of her civil rights, then the Plaintiff is entitled to reasonable attorney's fees under the FCRA

**WHEREFORE,** Plaintiff prays this Court to grant the following r4elief: an order declaring that the Defendant violated the Plaintiff's rights under the FCRA; an order granting compensatory damages, for emotional pain and suffering, mental anguish, loss of enjoyment of life, dignity injury and other non-pecuniary losses, an order granting back pay, including the economic value of lost employment benefits and interest on the back pay, an order for front pay and interest on front pay, or for reinstatement in lieu of front pay, an order for reasonable attorney's fees and costs, punitive damages, an order enjoining the Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other further affirmative relief, or equitable relief as the Court deems appropriate, and for other further relief as the Court deems to be just and proper.

## COUNT III
### (RETALIATION, IN VIOLATION OF THE FCRA)

35. Plaintiff restates and reavers the allegation contained in Paragraphs 1-18 of the Complaint, as if fully set forth herein.

36. The FCRA prohibits employers such as the Defendant, from taking any adverse employment action, against employees, in retaliation for their engaging in statutorily protected activity, under this statute.

37. As an employee of the Defendant, the Plaintiff was protected against retaliatory adverse employment actions, for engaging in statutorily protected activity under the FCRA.

38. More specifically, Plaintiff was protected against any retaliatory personnel action, for opposing any practice of the Defendant, made unlawful under the FCRA.

39. Furthermore, the Plaintiff was protected against retaliation, for opposing employment decisions, which were based on race and or national origin.

40. Prior to April 26, 2021, Plaintiff had engaged in protected activity when she made an internal request to speak with Leslie Pearce, Senior Vice President of Inside Sales, about the discrimination she suffered, and although a meeting with the Senior Vice President was urgently requested, and had not yet taken place, Plaintiff was very hastily terminated from her position on April 26, 2021.

41. Plaintiff had a reasonable, good faith belief, that she was opposing discriminatory employment practices, which were being implemented by the Defendant.

42. In response to Plaintiff's statutorily protected activity, the Plaintiff was terminated from her employment with the Defendant, the termination was a clear act of reprisal, and it adversely affected Plaintiff's status as an employee.

43. The loss of Plaintiff's employment, an ultimate employment decision, perpetrated by the Defendant, this decision adversely affected the Plaintiff's status as an employee, and the retaliatory act was reasonably likely to deter other employees from engaging in protected activity, and as such the ultimate termination decision was an adverse employment action, under the FCRA

44. Defendant, through its agents and or employees was aware of the Plaintiff's statutorily protected activity, when the dismissal from employment was implemented, specifically, the Plaintiff was subjected to an adverse employment action after she had engaged in statutorily protected activity.

45. The adverse employment action was undertaken because of the Plaintiff's statutorily protected activity, more specifically Plaintiff's statutorily protected activity was the cause of the adverse employment action.

46. In taking this adverse employment action against the Plaintiff, because of her statutorily protected activity, the Defendant intentionally discriminated against the Plaintiff with respect to compensation, terms, conditions and or the privileges of her employment, including the loss of her employment.

47. By and through the acts alleged, the Defendant intentionally discriminated against the Plaintiff for engaging in statutorily protected activity under the FCRA.

48. The claim for retaliation is asserted against the Defendant pursuant to the FCRA, *Fla. Stat.* Section 760.01, *et seq.*

49. By and through the acts alleged, the Defendant has intentionally discriminated against the Plaintiff for engaging in statutorily protected activity under the FCRA.

50. The aforementioned discriminatory act of the Defendant, the ultimate employment decision, termination, was undertaken in response to Plaintiff's internal request to speak with senior leadership, because of the discrimination.

51. As a proximate cause of the aforementioned intentional and discriminatory acts of the Defendant, through its employees and or agents, the Plaintiff has suffered damages, including the loss of back pay, and the associated benefits of her prior employment with the Defendant, as well as compensatory damages for mental anguish and pain and suffering.

52. The FCRA prohibits employers from taking any adverse employment against an employee in retaliation for engaging in statutorily protected activity.

53. If the Plaintiff prevails on her FCRA claim, resulting in the vindication of her civil rights, then the Plaintiff is entitled to reasonable attorney's fees, pursuant to the FCRA.

**WHEREFORE,** Plaintiff prays this Court to grant the following relief: an order declaring that the Defendant violated the Plaintiff's rights under the FCRA; an order granting compensatory damages, for emotional pain and suffering, mental anguish, loss of enjoyment of life, dignity injury and other non-pecuniary losses, an order granting back pay, including the economic value of lost employment benefits and interest on the back

pay, an order for front pay and interest on front pay, or for reinstatement in lieu of front pay, an order for reasonable attorney's fees and costs, punitive damages, an order enjoining the Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other further affirmative relief, or equitable relief as the Court deems appropriate, and for other further relief as the Court deems to be just and proper.

### Demand for Jury Trial

Plaintiff demands trial by jury of all actions so triable.

Respectfully submitted,

*/s/ Daphne Edwards/*
Daphne Edwards, *pro se*
4860 Dockside Drive, Apt D
Coconut Creek, Fl 33063
Telephone: 954-856-0333.

Dated on this 13th day of December, 2022.